EDWARD J. LAWRENCE, JR. *vs.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

NOVEMBER 30, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an original petition for workmen's compensation. After a hearing before a trial commissioner a decree was entered denying and dismissing the petition. From a decree of the full commission affirming that decree the petitioner has prosecuted an appeal to this court.

The petition alleges that petitioner, an employee of the respondent insurance company, suffered injuries as a result of an "Automobile accident in Middleboro, Massachusetts while returning from an outing of employer in Plymouth, Massachusetts."

It appeared in evidence that for about three and one-half years petitioner had been an agent in the employ of respondent out of its Providence office and was licensed to write insurance in this state; that the home office of respondent was in Wakefield, Massachusetts; and that the office of the New England division of the company was in Boston, Massachusetts. It also appeared that there were some thirty-odd people connected with the Providence office and that they customarily had an outing once a year in this state but that petitioner had never before attended such an outing. There was testimony that respondent company sponsors no outings, but that the various offices have associations of employees who customarily hold outings; that the outing of June 4, 1958 was a joint outing of the Home Office Employees' Association and the New England Office Association; that membership in the various associations was not compulsory; that petitioner not being a member of any association went as a guest; and that tickets were $6, of which amount petitioner paid $3 and respondent company paid $3 for each employee who attended.

Chester W. Higgins testified that he was an assistant vice-president and personnel director of respondent corporation;

that the company itself had nothing to do with sponsoring any outing except to make a final contribution to the association; and that there were different associations of employees in respondent's various offices, membership in which was wholly voluntary. He said that the day of the outing was a half day for those who went to the outing but employees were paid for the full day. When asked if he thought outings contributed to the welfare of the company, he replied that the outing was a source of concern to him and to many other officers of the company and had been for some years.

The petitioner left the office about 10 a.m., did some business in Riverside and then went on to the outing in Plymouth. He drove his own car at his own expense. While at the Mayflower Hotel he played softball and conversed with many people, including some of the officers of the company. At about 11 p.m. he left the hotel and while on the road in Middleboro fell asleep in his car which ran off the road and struck a tree. The petitioner received severe injuries and was unable to return to the office before August.

The petitioner's appeal contains five reasons which in substance are: (1) that the decision that the outing was purely social was erroneous since petitioner did discuss with officials the matter of automobile underwriting; (2) that the decision holding that attendance was wholly voluntary disregarded evidence that petitioner was influenced to attend the outing by advice and words of his superiors; (3) that petitioner's acceptance of the invitation to attend the outing conferred a benefit upon himself and respondent and he thereby became an employee at the time of his injury within the scope of his employment; (4) that the conclusion of the commission that the outing was purely social was erroneous and led to an erroneous conclusion of law; and (5) that the evidence was sufficient in law to hold that petitioner's injuries arose out of and in the course of his employment, connected therewith and referable thereto.

4

The essential facts as heretofore stated are not in dispute. The single commissioner found that petitioner's accident and subsequent injuries did not arise out of and in the course of his employment, were not connected therewith and were not referable thereto. Are his findings, which are affirmed by the full commission, a reasonable conclusion on the evidence adduced and are they supported by decided cases? The petitioner contends that the commission's findings are not reasonable and cites several cases from other jurisdictions to support his position.

In *Miller* v. *Keystone Appliances, Inc.*, 133 Pa. Super. 354, the plaintiff died as a result of injuries received in an automobile collision while returning from a picnic given by his employer. The defendant arranged for facilities at the park, and free tickets for the various amusements and refreshments were distributed to those attending the picnic. The president of the defendant company gave an address in the evening at which time he outlined the nature of salesmen's work, asked for co-operation, and expressed his hopes for the future. The court found that the deceased was directed to attend the picnic by his superior officer, who personally ascertained the number of his salesmen attending the picnic in addition to the check furnished by the registration made when employees arrived at the picnic grounds. Clearly this was an outing given by the management at no cost to the employees and at which the president of the company gave an inspirational address, and in those respects differs markedly from the case at bar.

In *Dodge* v. *William J. Keller, Inc.*, 304 N. Y. 792, it appeared that the employee was returning from a picnic when the automobile which he owned and was driving struck a tree whereby he suffered injuries. There was evidence that the picnic was sponsored and paid for by the employer. A decision for the employee by the workmen's compensation board was affirmed by the court.

In *Jewel Tea Co.* v. *Industrial Commission*, 6 Ill.2d 304, it appeared that an employee of Jewel Tea Company was seriously injured while playing softball. There were fifteen teams in the league, all the members of which were recruited from the employees of the company's 153 stores in the Chicago area. The company provided balls, bats and T-shirts bearing the district team name on the front, and the emblem "Jewel Food Stores" on the back. Information about the games was disseminated through a company publication. The employee's claim was granted by the Industrial Commission but the superior court reversed the commission. Still later the supreme court reversed the superior court and reinstated the award because of the extensive sponsorship of the softball games by the company.

In *Stakonis* v. *United Advertising Co.*, 110 Conn. 384, it appeared that an outing was given each year for the purpose of providing a good time for all employees who attended and for promoting good feeling among them. Officers as well as employees attended. For the outing in question the defendant made all the arrangements and provided food and transportation for those who attended. The program of entertainment was in the hands of a committee of the employees. The employees were not obliged to attend, but if they did they were paid their usual day's pay. The car in which the plaintiff was riding was in collision with another machine and he was seriously injured. The defendant's appeal was dismissed. It is apparent that the employee was injured while going to an outing wholly sponsored by the employer.

It is contended by respondent in the instant cause that the outing at the Mayflower Hotel was sponsored jointly by two associations of employees and not by the employer, and that the latter's contribution was a mere gesture of good will.

In *Bride* v. *Cathedral Art Metal Co.*, 66 R. I. 331, the petitioner, a traveling salesman on a business trip for the

respondent, left his hotel in the evening to visit some friends. Although his visit was prompted largely by social reasons, he hoped to obtain some information that would be helpful to him in his business. While returning to his hotel he was struck by an automobile and seriously injured. The trial justice found that the petitioner was not injured by an accident "in the course of his employment." On appeal to this court we said at page 335: "In our opinion, the findings of the trial justice on the questions involved are supported by reasonable inferences from the evidence. Since these facts, as found by the trial justice, are made conclusive upon us by our statute, we need not consider the cases from other jurisdictions cited by the petitioner to support his general contention." See also *Wilson* v. *General Motors Corp.*, 298 N. Y. 468, where the claim for compensation by the petitioner who had been injured in a ball game was dismissed.

The reports of other states contain many "outing" cases, so called, and the decisions appear to divide very largely on the extent of sponsorship given and the degree of participation by the employer.

In the instant case the commission drew certain inferences from the undisputed facts, namely, that petitioner's attendance at the outing was voluntary; that, notwithstanding he may have conversed to some extent on the subject matter of insurance, activity at the outing was social rather than of the nature of business; that his decision to attend the outing was dictated by a desire for a pleasant afternoon rather than an expectation of a business gain; and finally, that his accident did not arise out of and in the course of his employment with the defendant.

After a careful consideration of all the evidence, we are of the opinion that the findings of the commission are reasonable inferences based upon legal evidence, and they are therefore conclusive upon us. *Cruso* v. *Yellow Cab Co.*, 82 R. I. 158; *Campbell* v. *Walsh-Kaiser Co.*, 77 R. I. 67.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Edward Bromage, Jr.,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.